1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARMAND R CALHOUN,

                    Plaintiff,

        v.

JAQUELINE SCOTT et al.,

                    Defendants.

CASE NO. C21-981 MJP

DISMISSAL ORDER

This matter is before the Court on Plaintiff's motion for leave to proceed in forma pauperis, (Dkt. No. 1), and Plaintiff's motion for judgment, (Dkt. No. 7).  The Court granted Plaintiff's motion to proceed in forma pauperis, (Dkt. No. 5), but must review the Complaint under 28 U.S.C. § 1915(e)(2)(B) before the summons is issued.

Once a complaint is filed in forma pauperis, the Court must dismiss it prior to service if it is frivolous or "fails to state a claim on which relief can be granted."  28 U.S.C. § 1915(e)(2)(b)(i)–(ii).  A complaint "is frivolous where it lacks an arguable basis either in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  To state a claim for relief, a complaint must contain a short and plain statement of the grounds for the court's jurisdiction, a

short and plain statement of the claim showing that the claimant is entitled to relief, and a

demand for the relief sought. Fed. R. Civ. P. 8(a). The factual allegations of a complaint must

be "enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly,

550 U.S. 544, 555 (2007). In addition, the factual allegations of a complaint must state a claim

for relief that is plausible on its face. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). A claim is

plausible on its face "when the plaintiff pleads factual content that allows the court to draw the

reasonable inference that the defendant is liable for the misconduct alleged." Id.

Plaintiff is attempting to sue a variety of defendants on behalf of Q. and T. Calhoun.

(Dkt. No. 6 ("Complaint") at 1–4.) Named defendants include Jacqueline Scott, an apparent

reference to Magistrate Judge Jacqueline Scott Corley, of the Northern District of California;

Judge Benjamin Settle, of the Western District of Washington; commissioners for Judge Vicki L.

Hogan, a former judge for Pierce County Superior Court; Washington Attorney General Bob

Ferguson; and U.S. Attorney General Merrick Garland. (Id. at 1–2.) Plaintiff seeks $200

million, "starting with per day of (4th) double jeopardy at $500,000.00; $1,000.000.00 Per day

Affiant's child remains missing; incl'd, $100,000.00-- per Corrupt, Racial, Deceptive, and

Prohibited Acts $500,000.00" [sic]. (Id. at 4.) For jurisdiction, Plaintiff alleges that his claims

arise under several provisions of the Constitution: the First, Fifth, and Thirteenth Amendments;

Article 3, Section 3, Clause 3 (treason); Article 1, Section 9, Clause 2 (writ of habeas corpus);

and Article 1, Section 10 (limits on States). (Id. at 3.)

Plaintiff alleges the following facts:

The [underlying] facts are affixed with evidential support will show a pattern of
Involuntary servitude contemporaneous with double-jeopardy and unreasonable denials
and delays, in combination with custodial interference, aiding and abetting any neglected
and missing child or the reports therein upon numerous attempts while deploying any
device whether to stalk or domestically terrorize Mr. Calhoun thus use his children to
tease then deceive and distract proceedings covering or covertly stealing records; rather

1   intellectual property by instituting mock proceeding with multi-mixed [documents],
2   intending to [blackmail] Mr. Calhoun in either forum, or form, whether or not known or
3   how many relations or correlations to a conspiracy to defraud, and [blackmail], a
4   [blackmail] while investing [t]hereinafter divesting any of the multiple racketing Causes
    No(s)., instituted by multiple mock proceedings somehow proffering or referring to any
    Calhoun in several "Unknown Actions", involving [defamation] and discrimination by:
    Jacqueline Scott, Benjamin Steele [sic] (Chambers), ATG's, Robert Ferguson, etc.

5   (Id. at 5.)  Plaintiff further alleges that "Defendants are contending to move, relocate, hide, or

6   falsify accounts, or the whereabouts of the Actioner's child. . . ."  (Id. at 6.)  The Complaint

7   includes additional allegations as well as purported legal arguments.  (Id. at 5–66.)

8       On August 20, 2021, Plaintiff filed a document, or collection of documents, entitled "In

9   Admiralty/Maritime Amended Complaint III Extraordinary Relief Injunctive Relief – Verified;

10  28 U.S.C. § 2254; 28 U.S.C. § 2201–2205."  (Dkt. No. 14.)  This document was identified on the

11  docket as an amended complaint.  However, it appears that the document was verified on

12  December 3, 2020, (id. at 21)—months before the Complaint, (Dkt. No. 6) (signed on May 25,

13  2021 and filed on July 23)—and may be a duplicate of a document filed in a previous case

14  Plaintiff brought, Armand R. Calhoun v. Pierce County, et al., No. 20-5788 BHS.  In addition,

15  this document replaces all the named Defendants with the United States. (Dkt. No. 14 at 1.)  But

16  it contains allegations against various individuals identified as Plaintiff's employers, even though

17  the connection to the United States is vague at best.  (Id. at 4–16.)  It is unclear if Plaintiff

18  intends for this document to be received as an amended complaint.

19      In the end, it does not matter which document the Court considers for the purposes of 28

20  U.S.C. § 1915.  Unfortunately, the Court cannot understand either the Complaint or the

21  document partially identified as an amended complaint.  Both documents are nonsensical

22  collages of legal jargon and must be dismissed as meritless.  See Neitzke v. Williams, 490 U.S.

23  319, 327–28 (1989).  Plaintiff has also not explained in plain language the "who, what, where,

24  when or why" of his legal claims: what harm he has suffered, when and where it occurred, who

1    is responsible, what relief he seeks, or why he is entitled to relief in this Court—as in, the legal

2    basis for his claims and the Court's jurisdiction.  The Court can only speculate about what

3    specifically animates Plaintiff's allegations and so must dismiss them for failure to state a claim.

4    The Court also takes note that Plaintiff has filed other complaints which are similarly

5    indecipherable or speculative.  See Armand R. Calhoun v. Pierce County, et al., No. 20-5788

6    BHS (filed August 6, 2020); Armand R. Calhoun v. Benjamin H. Settle, No. 21-5081 RHW

7    (filed Jan. 25, 2021); Armand Calhoun v. Enterprise Rent-A-Car et al., No. 21-1124 MJP (filed

8    August 20, 2021).

9            Because the Court cannot discern any cognizable legal claim from either document, the

10   Court DECLINES to direct that the Complaint or the Amended Complaint be served and

11   DISMISSES both without prejudice.  Plaintiff may file a proposed amended complaint within 30

12   days of the date this Order.  Any amended complaint must carry the same case number as this

13   one.  It also must be clearly identified as an "Amended Complaint."  Plaintiff is further advised

14   that an amended pleading operates as a complete substitute for an original pleading.  See Ferdik

15   v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, any amended complaint must clearly

16   identify the defendant(s), the constitutional or federal statutory claim(s) asserted, the specific

17   facts that plaintiff believes support each claim, and the relief requested.  If Plaintiff does not file

18   an amended complaint that meets the requirements under the Federal Rules of Civil Procedure

19   and 28 U.S.C. § 1915, this proceeding will be dismissed with prejudice.

20           Because the Complaint is dismissed, Plaintiff's motion for judgment, (Dkt. No. 7), is

21   DENIED without prejudice as MOOT.

22           The clerk is ordered to provide copies of this order to Plaintiff and all counsel.

23

24

1    Dated September 21, 2021.

2

3                                              Marsha J. Pechman
                                               United States District Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24