UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARMAND R. CALHOUN, | CASE NO. C21-981 MJP |
| Plaintiff, | ORDER DENYING MOTION TO APPOINT COUNSEL AND DISMISSING COMPLAINT WITH PREJUDICE |
| v. | |
| JAQUELINE SCOTT, et al., | |
| Defendants. | |

This matter is before the Court on Plaintiff's motion to appoint counsel, (Dkt. No. 20), and the Court's prior order of dismissal, (Dkt. No. 24). Having considered the motion and taking note that Plaintiff has not filed a proposed amended complaint, the Court DENIES the motion and ORDERS the Complaint dismissed with prejudice.

The Court has discretion to request the appointment of counsel for a party unable to afford representation in a civil case. 28 U.S.C. § 1915(e). However, if a complaint filed in forma pauperis is frivolous or otherwise fails to state a claim, the Court must dismiss it prior to service. 28 U.S.C. § 1915(e)(2)(b)(i)–(ii). That is the case here. The Court declined to issue

summons and dismissed the Complaint because it was frivolous and failed to state a claim. (Dkt. No. 24.) The dismissal was without prejudice and granted Plaintiff 30 days to file an amended complaint that corrects the deficiencies the Court noted in its order. Plaintiff has not done so. Instead, Plaintiff has filed a variety of documents, none of which can be considered a proposed amended complaint as required by the dismissal order. (See Dkt. Nos. 25, 26, 27, 28, 29, 30, 31.) Plaintiff has still not articulated a clear injury or viable legal claim. Therefore, the Court sees no reason to appoint counsel, which is only done under exceptional circumstances, taking into account the likelihood of the plaintiff's success and their ability to articulate claims in light of the complexity of the issues involved. See Agyeman v. Corr. Corp. of Am., 390 F.3d 1101, 1103 (9th Cir. 2004).

The Court also notes for the record of this proceeding that on October 20, 2021 Plaintiff attempted to file a purported warrant with the apparently forged signature of the undersigned Judge. It is a crime to forge the signature of a federal judge. See 18 U.S.C. § 505. Such conduct will not be tolerated and will result in sanctions. Sanctions may include an order under the All Writs Act, 28 U.S.C. § 1651(a), barring Plaintiff from further filings without leave of Court. See De Long v. Hennessey, 912 F.2d 1144, 1147 (9th Cir. 1990).

Plaintiff's motion is DENIED and the Complaint is DISMISSED with prejudice.

The clerk is ordered to provide copies of this order to all parties or counsel.

Dated November 1, 2021.

*[signature]*

Marsha J. Pechman
United States Senior District Judge